| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>Caption in Compliance with D.N.J. LBR 9004-2(c)<br>**WASSERMAN, JURISTA & STOLZ, P.C.**<br>110 Allen Road, Suite 304<br>Basking Ridge, NJ 07920<br>Phone: (973) 467-2700<br>Fax: (973) 467-8126<br>Counsel for Robert M. Pietrowicz<br>**LEONARD C. WALCZYK** | |
| In Re:<br><br>**WILLIAM CHARLES HOVEY,**<br><br>Debtors. | Chapter 13<br><br>Case No. 19-28149<br><br>Honorable Rosemary Gambardella<br><br>**Hearing Date: November 20, 2019** |

## ORDER SUSTAINING OBJECTION TO CLAIM OF EXEMPTIONS

The relief set forth on the following pages, numbered two (2) through three (3) is hereby **ORDERED.**

| | |
|---|---|
| Debtor: | William Charles Hovey |
| Case No.: | Case No.: 19-28149(RG) |
| Caption of Order: | Order Sustaining Objection to Claim of Exemptions |

_____

Upon the filing of the objection to the exemptions claimed by the Debtor, filed by creditor, Robert M. Pietrowicz, and served upon the Debtor, Debtor's counsel, and the Trustee herein, which came on upon hearing before this Court; and this Court having heard the arguments of counsel and the papers submitted, and oral argument, if any; and it appearing that the property described below is property of the estate which the Debtor may not exempt; and good cause appearing hereof,

**IT IS ORDERED, ADJUDGED AND DECREED** that the property described below shall be and same hereby is property of the estate herein, and not exempt:

1. **<u>Residential real property located at 14 Balchen Way, Rockaway, NJ</u>**. According to the Debtor's schedules, the fair market value for this property is $340,000.00 with an outstanding mortgage of $75,755.38, leaving equity of $264,244.62. As this property is jointly owned with his non-debtor spouse, the Debtor's interest is $132,122.31. The exemption provided by §522(d)(1) of equity in real property of residence is limited to $25,150.00, leaving $106,972.31 exposed. Thus, the Debtor's intention to exempt "100% of the fair market value" of this property exceeds the allowed statutory limit of 11 U.S.C. §522(d)(1).

2. **<u>Real property located at 53 Admiral Drive, Tuckerton, NJ</u>**. According to the Debtor's schedules, fair market value of this property is $185,000.00 with an outstanding mortgage of $96,870.00, leaving equity of $88,130.00 in this property. According to the schedules, this property is jointly owned with the Debtor's non-debtor spouse, leaving the value

Debtor: William Charles Hovey

Case No.: Case No.: 19-28149(RG)

Caption of Order: Order Sustaining Objection to Claim of Exemptions
_____

of the Debtor's in this property at $44,065.00. The Debtor's claim of exemption exceeds the allowed amount of 11 U.S.C. §522(d)(5), which is limited to $1,325.00, as there is no remaining unused portion of the §522(d)(1) exemption available as pursuant to §522(d)(5). Thus, $42,740.00 of the equity of this property is exposed. The Debtor's claim of exemption of "100% of the fair market value" of said property should be disallowed accordingly.

3. **Block 1, Lot 24, East Hanover, NJ 07936, Morris County**. According to the Debtor's schedules, the fair market value of this property is $8,000.00. The Debtor lists no liens against this property. The Debtor's claim of exemption pursuant to 11 U.S.C. §522(d)(5) is improper, as there is no remaining exemption left to apply to this property. Therefore, the entire value of this property is exposed.

4. **Vehicles**. Pursuant to 11 U.S.C. §522(d)(2), the Debtor is allowed to exempt $4,000.00 in the value of *one (1)* motor vehicle. The Debtor claims an exemption pursuant to §522(d)(2) against a 2016 Indian T111 motorcycle having a value of $14,381.00 as per the Debtor's schedules. The Debtor's claimed exemption of "100% of the fair market value" of said vehicle exceeds the statutory limit of §522(d)(2). According to the Debtor's schedules, this motorcycle has a lien of $8,973.00 against it, leaving equity of $5,408.00. By applying the $4,000.00 §522(d)(2) exemption to this vehicle, $1,408.00 of value in this vehicle is exposed.

Debtor: William Charles Hovey

Case No.: Case No.: 19-28149(RG)

Caption of Order: Order Sustaining Objection to Claim of Exemptions

___

  5. Because the Debtor's exemption pursuant to §522(d)(2) is consumed entirely by the 2016 Indian T111 motorcycle, the Debtor's claim of exemption pursuant to §522(d)(2) against the following vehicles should be disallowed in their entirety:

   a. 2014 Dodge Durango - value: $13,136.00, lien of $11,580.00, exposed equity: $1,556.00.

   b. 1966 Ford Mustang - value: $10,400.00, entire value exposed.

   c. 2011 Dodge Ram Pickup - value: $10,109.00, entire value exposed.

   d. 1965 Jeep Pickup - value: $300.00, entire value exposed.

   e. 12 foot Utility Trailer - value: $300.00, entire value exposed.

  6. **<u>1982 Boston Whaler and 14 Foot Aluminum Boat</u>**. The Debtor claims an exemption pursuant to §522(d)(5) against these two vessels. As set forth hereinabove, the §522(d)(5) exemption has been consumed entirely by the 53 Admiral Drive property. The §522(d)(5) exemption amount is limited to $1,325.00 plus any unused §522(d)(1) amount up to $12,575.00, or $13,900.00 in total. As the entire §522(d)(1) exemption was consumed by 14 Balchen Way, Rockaway, New Jersey, with the remaining §522(d)(5) exemption consumed by the 53 Admiral Drive, Tuckerton, New Jersey property, there is no remaining §522(d)(5) exemption available to be applied to these two vessels, and any claim of exemption by the Debtor of "100% of the fair market value" of these vessels should be disallowed in its entirety.

**(Page** 5)

| | |
|---|---|
| Debtor: | William Charles Hovey |
| Case No.: | Case No.: 19-28149(RG) |
| Caption of Order: | Order Sustaining Objection to Claim of Exemptions |

_____

7. **Firearms**. Debtor claims a §522(d)(5) exemption in firearms which the Debtor values at $5,000.00. For the same reasons as set forth hereinabove, because the §522(d)(5) exemption has been consumed in its entirety, Debtor's claim exemption of "100% of the fair market value" in such firearms should be disallowed in its entirety.

8. **Tools and Cash and Lakeland Bank Checking Account**. Debtor's claim of the §522(d)(5) of exemption in tools which the Debtor values at $100.00 and cash of $1,500.00 should likewise be disallowed as there is no available remaining §522(d)(5) exemption for the reasons set forth hereinabove.

9. **Debtor's interest in corporate entities: Blu Technologies, LLC; Informational Power, LLC; Mother Earth Imagery, LLC; Telemark NC, LLC; NJ Cryogenics, LLC**. Debtor claims §522(d)(5) exemptions in his interest in the aforesaid limited liability corporations. Debtor's schedules his interests in said LLCs as "0% or 100%" at an "unknown" value. Notwithstanding the problematic description of the Debtor's interest and valuation of such corporate entities, the §522(d)(5) exemption is unavailable as there is no remaining unused amount of such exemption to be applied in these entities.[1]

10. **Two Patent Applications**. The Debtor schedules two patent applications having "unknown values" as being exempt pursuant to §522(d)(5). For the reasons stated hereinabove, there is no remaining exemption available under §522(d)(5). Debtor's claim exemption of

---

[1] Needless to say, the Debtor will be unable to confirm a Chapter 13 Plan without valuations for these LLCs, as there will be no way for the Debtor to meet the best interest of creditors' test required for confirmation.

Debtor: William Charles Hovey

Case No.: Case No.: 19-28149(RG)

Caption of Order: Order Sustaining Objection to Claim of Exemptions
_____

"100% of the fair market value" of these patent applications should be disallowed in their entirety.

11. **Brian Walsh Loan Repayment**. A $9,000.00 loan due from an individual named Brian Walsh cannot be exempt by the Debtor pursuant to §522(d)(5), as for the reasons stated hereinabove, there is no available exemption remaining under this Code Section, with this exemption to be disallowed.

12. **Potential Legal Malpractice Suit and Tort Claims Action**. The Debtor is not entitled to exempt these two pieces of litigation which the Debtor scheduled in an unknown amount, as for the foregoing reasons, there is no remaining amount available under §522(d)(5) to apply to these items accordingly.

13. **Leased Equipment**. The Debtor seeks to exempt pursuant to §522(d)(5) three pieces of equipment valued at zero which the Debtor asserts as leased. If the property is leased, this is not the Debtor's property which is subject to be exempted. Likewise, the Debtor is not entitled to an exemption to be applied to these assets.