| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>Caption in Compliance with D.N.J. LBR 9004-2(c)<br>**WASSERMAN, JURISTA & STOLZ, P.C.**<br>110 Allen Road, Suite 304<br>Basking Ridge, NJ 07920<br>Phone: (973) 467-2700<br>Fax: (973) 467-8126<br>Counsel for Robert M. Pietrowicz, Creditor<br>**LEONARD C. WALCZYK** | |
| In Re:<br><br>**WILLIAM CHARLES HOVEY,**<br><br><br>Debtor. | Chapter 13<br><br>Case No. 19-28149<br><br>Honorable Rosemary Gambardella<br><br>**Hearing Date: November 20, 2019**<br>**10:00 A.M.** |

## OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN

Creditor, Robert Pietrowicz, objects to confirmation of the Debtor's Chapter 13 Plan as follows:

1. **The Plan is not feasible**. There is insufficient income to support the proposed Plan payments. Debtor indicates no regular monthly income from his job as a "consultant" as indicated on Schedule I of Monthly Income annexed to the Debtor's bankruptcy petition. The first requirement found in subsection (e) of §109 is that the Chapter 13 debtor be an "individual with regular income," or such an individual and that individual's spouse. The phrase "individual with regular income" is defined in §101 of the Code to mean an "individual whose income is sufficiently stable and regular to enable such individual to make payments under a plan under Chapter 13, other than a stockbroker or commodity broker." 11 U.S.C. §101. This definition, barring debtors

from Chapter 13 eligibility if they are unable to make plan payments, is closely related to the standard of plan feasibility for Chapter 13 plan confirmation under §1325(a)(6). Schedule I annexed to the Debtor's bankruptcy petition indicates that he has net monthly income from a business of $2,103, based on purported monthly gross receipts of $23,997. However, this is not consistent with what is represented by the Debtor on the Statement of Financial Affairs in response to question #4 requesting annual income for 2019 and the two years prior to the bankruptcy filing. Debtor represents that he only earned gross income of $15,000 *year to date* from operating a business from January 1, 2019 through the date of the bankruptcy filing; Debtor indicates an "unknown" amount for gross income for *calendar year* 2018, and only $11,244.00 of gross income from operating a business from *calendar year* 2017. Thus, the Debtor cannot be establish that he has regular income sufficient to fund a feasible Chapter 13 plan.

      2.    **The Plan is not in the best interest of creditors**. The Plan does not pay creditors what they would receive in a Chapter 7 bankruptcy per §1325 of the Bankruptcy Code. Debtor has wrongfully claimed Exemptions on his Schedule C well in excess of what is allowed by 11 U.S.C. Section 522(d). Debtor's Schedule A/B of Property filed with his bankruptcy petition contains numerous instances of property interests which the Debtor values as "unknown." How can Debtor ever hope to confirm a plan which satisfies the Best Interests of Creditors Test of Section1325(a)(4)? How can the court or creditors evaluate whether the debtor is distributing more to allowed unsecured creditors than they would receive under a Chapter 7 liquidation? The debtor will be unable to meet his ultimate burden of proof, to prove by a preponderance of the evidence, that the plan complies with the requirements of 11 U.S.C. § 1325. In re McKinney, 507 B.R. 534, 539 (Bankr. W.D. Pa. 2014).

3.  **Debtor is ineligible to be a debtor under Chapter 13 of the Bankruptcy Code**. In a bad faith attempt to qualify for Chapter 13, Debtor incredibly, incorrectly, and undoubtedly deliberately, scheduled Creditor Pietrowicz's pre-petition judgment debt in excess of $512,000 as contingent and liquidated in an unknown amount. This was done to wrongfully attempt to qualify for Chapter 13 relief. Pursuant to 11 U.S.C. Section 109(e), for Chapter 13 eligibility, the debtor must owe less than $394,725. of non-contingent, liquidated unsecured debts. In an exercise of bad faith, the Debtor listed creditor Robert Pietrowicz' debt on the Debtor's schedule of unsecured creditors as disputed, contingent and unliquidated in an unknown amount, even though there is a pre-petition judgment entered against the Debtor in favor of Robert Pietrowicz in excess of $512,000. The judgment fixes the amount and cannot be considered contingent or unliquidated. Moreover, the fact that Debtor seeks to file an appeal does not make the debt contingent or unliquidated. *See* In re Albano, 55 B.R. 363 (N.D.Ill. 1985); see also In re Mitchell, 255 B.R. 345 (Bankr. D.Mass. 2000) (pre-petition judgment against chapter 13 debtors which was pending on appeal as of the petition date was entitled to recognition as a "final judgment" and thus, the amount of debtors' unsecured indebtedness exceeded the limits imposed by the Bankruptcy Code and the debtors were ineligible for chapter 13 relief). *Accord*, In re Johnson, 191 B.R. 184 (Bankr. D.Ariz. 1996); In re Weller, 189 B.R. 467 (Bankr. E.D.Wis. 1995). See also In re Imagine Fulfillment Services, LLC, 49 B.R. 136, 147 (Bankr. C.D.Cal. 2013); In re Huelbig, 313 B.R. 540, 543 (D.R.I. 2004); In re Robinson, 2012 WL 5457336 (Bankr. D.Mass. 2012). Thus, because Debtor fails to meet the eligibility requirements of §109(e) for Chapter 13, confirmation must be denied and this bankruptcy case must be dismissed.

4.  **The Plan has not been filed in good faith.** Bankruptcy Code § 1325(a)(7), enacted by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"),

added the plan confirmation requirement that "the action of the debtor in filing the petition was in good faith." This provision is applicable to Debtor's bankruptcy filing. The case law pertaining to the standard of review under § 1325(a)(7) indicates that the same good faith analysis that is applied to Bankruptcy Code § 1307(c) should be applied to § 1325(a)(7). In re Torres Martinez, 397 B.R. 158, 165 (BAP 1st Cir. 2008) (implying that the obligation of a chapter 13 debtor to commence a chapter 13 case in good faith now resides in § 1325(a)(7) rather than § 1307(c)); In re Bland, 2008 WL 2002647, *2 (Bankr. N.D.W.Va. 2008) (treating § 1325(a)(7) as an additional statutory basis to dismiss a bad faith chapter 13 filing); In re Shafer, 393 B.R. 655, 659 (Bankr. W.D.Wis. 2008) (concluding that § 1325(a)(7) "appears to be nothing more than a codification of the long-standing judge-made rule and a corollary of § 1307(c)...."); In re Bland, 2008 WL 2002647, at *2; see also In re Aprea, 368 B.R. 558, 566 (Bankr. E.D.Tex. 2007). (treating § 1325(a)(7) as an additional statutory basis to dismiss a bad faith chapter 13 filing.

5. The debtor bears the burden of proof concerning good faith issues under § 1325 and the movant bears the burden of proof under § 1307(c). See In re Abbas, 2007 WL 4556665, at *5 quoting In re Delbrugge, 347 B.R. 536, 540 (Bankr. N.D.W.Va. 2006). Because the good faith for cause test implicit in § 1307(c) is now codified at § 1325(a)(7) the burden rests upon the debtor for purposes of confirmation, and upon the movant for purposes of dismissal.

6. In determining whether a debtor has filed her petition in good faith for purposes of § 1325(a)(7), the court must determine whether under the circumstances of the case there has been an abuse of the provisions, purpose, or spirit of the bankruptcy code. In re Bateman, 515 F.3d 272, 283 (4th Cir. 1982). "Indeed, if there is a 'classic' bad faith petition, it may be one in which the petitioner's only goal is to use the automatic stay provision to avoid posting an appeal bond in another court." In re Integrated Telecom Express, Inc., 384 F.3d 108, 128 (3d Cir. 2004).

7. Various courts and commentators have identified the following non-exclusive indicia reflecting the possibility of a bad faith bankruptcy filing, the vast majority of which are present in this case:

    (1) the debtor has few or no unsecured creditors;

    (2) there has been a previous bankruptcy petition by the debtor or a related entity;

    (3) the prepetition conduct of the debtor has been improper;

    (4) the petition effectively allows the debtor to evade court orders;

    (5) there are few debts to non-moving creditors;

    (6) the petition was filed on the eve of foreclosure;

    (7) the foreclosed property is the sole or major asset of the debtor;

    (8) the debtor has no ongoing business or employees;

    (9) there is no possibility of reorganization;

    (10) the debtor's income is not sufficient to operate;

    (11) there was no pressure from non-moving creditors;

    (12) reorganization essentially involves the resolution of a two-party dispute;

    (13) a corporate debtor was formed and received title to its major assets immediately before the petition; and the debtor filed solely to create the automatic stay.

In re SB Properties, Inc., 185 B.R. at 205 (footnotes omitted) (quoting Mellon Bank v. Selig (In re Selig), 1993 Bankr. LEXIS 2240, 1993 WL 764800, at *3 (Bankr. M.D. Pa. July 8, 1993)); see generally In re Cornelius, 195 B.R. 831 (Bankr. N.D.N.Y. 1995); 5 Norton Bankruptcy Law & Practice 3d, § 103:23 (2009).

8. As Debtor's sole reason for filing his Petition was to thwart payment of Movant's judgment, and to otherwise obstruct Movant's collection efforts by filing a bankruptcy petition in

order to avoid having to post an appeal bond, his case should be dismissed as a two-party dispute on grounds of bad faith.

9. Thus, Debtor's bankruptcy filing is an attempt to defeat the state court litigation without a legitimate reorganization purpose, supporting a finding of bad faith and cause for dismissal of this bankruptcy case. *Id.* (quoting In re Dami, 172 B.R. 6, 10 (Bankr.E.D.Pa.1994)); In re Antonelli, 2012 WL 280722, at *9–11 (Bankr. D.N.J. Jan. 30, 2012).

10. Thus, in considering the totality of the circumstances as set forth more fully hereinabove, the Plan violates Section 1325(a)(3) of the Code as not being proposed in good faith.

### a. *The Plan's Proposed Payment of Movant's Claim is Insignificant when considering that the Claim was Incurred by Debtor's Intentional Misappropriation Of Movant's Property by False Pretenses.*

11. Among the factors that should be considered, courts should determine whether a major portion of the claims sought to be discharged arise out of pre-petition fraud or other wrongful conduct and whether the chapter 13 plan proposes to repay only a minimal portion of those claims. Neufeld v. Freeman, 742 F.2d 149 at 152-53 (4th Cir. 1986). In Debtor's case, his Plan only proposes to pay $325 per month for 60 months or less than four percent of Movant's claim. Movant's claim comprises over 96% of the creditor body of this case, and arises out of Debtor's pre-petition intentional misappropriation of funds under false pretenses. See generally Pietrowicz Certification submitted herewith.

12. In the bankruptcy case of In re Herndon, 218 B.R. 821, 825, n. 5 (Bankr. E.D.Va. 1998), the court dismissed the Debtor's bankruptcy case stating that Debtor's proposed 36 month plan only provided for the payment of approximately six percent of an embezzlement claim, and noting that even if the plan was modified to extend the payment period to 60 months it would still only provide the minimal sum of thirteen percent of the claim. **"Such a nominal**

**payment on a potentially non-dischargeable claim is evidence of bad faith.**" <u>In re Herndon</u>, 218 B.R. at 825; <u>see</u> <u>Neufeld</u>, 794 F.2d at 153; <u>In re Oliver</u>, 186 B.R. 403, 406 (Bankr. E.D.Va. 1995). The court's dismissal in the <u>Herndon</u> case clearly demonstrates that it felt the Debtor would not be able to overcome her bad faith even if she increased her plan repayment period from 36 months to the maximum 60 month repayment period.

13. Thus, confirmation of the "plan" must be denied, and the bankruptcy case dismissed.

## CONCLUSION

14. The conclusion is inescapable in this case, by the nature of the debt, the timing of the petition, the Debtor's willful non-disclosure on his petition and schedules, and the extraordinary treatment of the debt in the petition and Chapter 13 plan, that the petition was filed in bad faith and for no purpose other than to delay the only creditor in this case of any consequence. The pre-petition and post-petition actions of the Debtor served to hinder Movant's execution on his state court judgment.

**WHEREFORE**, confirmation should be denied and this case should be dismissed accordingly.

Respectfully submitted,

**WASSERMAN, JURISTA & STOLZ, P.C.**
Counsel for Creditor, Robert M. Pietrowicz


By: */s/ Leonard C. Walczyk*
    LEONARD C. WALCZYK

DATED: November 11, 2019