| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| Caption in Compliance with D.N.J. LBR 9004-2(c)<br>**WASSERMAN, JURISTA & STOLZ, P.C.**<br>110 Allen Road, Suite 304<br>Basking Ridge, NJ 07920<br>Phone: (973) 467-2700<br>Fax: (973) 467-8126<br>Counsel for Robert M. Pietrowicz, Creditor<br>**LEONARD C. WALCZYK** | Chapter 13 |
| In Re:<br><br>**WILLIAM CHARLES HOVEY,**<br><br>Debtors. | Case No. 19-28149<br><br>Honorable Rosemary Gambardella<br><br>**CERTIFICATION** OF<br>**ROBERT M. PIETROWICZ** |

I, Robert M. Pietrowicz, of full age to hereby certify that:

1. I am a creditor in the above referenced matter and make this Certification in opposition to the application by the Debtor, William C. Hovey ("Hovey") for relief of the automatic stay to pursue an appeal of the Judgment and constructive trust entered on November 16, 2018 and in support of my Notice of Cross Motion to dismiss the Debtor's Chapter 13 case.

2. A Complaint and Jury Demand in the matter captioned, *Robert M. Pietrowicz, et al vs. William C. Hovey, individually and as a member of Telemark Holdings, LLC and Telemark CNC, LLC* was filed on my behalf in or about March 26, 2014 in the Superior Court of New Jersey, Law Division, Morris County under Docket No. MRS-796-14. An Amended Complaint was filed on May 15, 2017 setting forth a history of illegal and improper conduct by Defendant William C. Hovey, individually and as a member of Telemark Holdings, LLC ("Telemark Holdings") whereby he: a) physically locked me out of our jointly owned New Jersey limited liability company, Telemark Holdings, on June 1, 2011; b) expelled and ousted me from the

premises although I was an equal member of Telemark Holdings; c) refused to provide me with the financial books and records of Telemark Holdings despite my demand for same; c) filed unilaterally and without my approval a Certificate of Cancellation with the State of New Jersey dissolving Telemark Holdings without notice to me; and d) formed Defendant Telemark CNC while he was managing member of Telemark Holdings to compete with and divert business from Telemark Holdings to himself and Telemark CNC, to my substantial detriment (See Exhibit A, annexed hereto).

3. As I set forth in detail in the Amended Complaint, Defendant Hovey: a) breached the duty of loyalty and good faith that he owed as a fiduciary and as managing member, officer and employee of Telemark Holdings; b) unjustly profited by taking control over Telemark Holdings' goodwill, website, street address, lease, customer list, telephone number, machinery and equipment, parts, tools, inventory and raw materials over my objection so that he could operate Telemark CNC in lieu of Telemark Holdings for self-gain; c) refused to pay me for my one half share interest in Telemark Holdings as part of the winding down process of the company; d) diverted funds that should have been deposited into bank accounts in the name of Telemark Holdings into accounts in the name of Telemark CNC; e) misrepresented by fraud and subterfuge to Telemark Holdings's customers that the company had changed its name and not its ownership to induce customers to do business with Telemark CNC ; f) failed to pay Telemark Holdings' outstanding claims and obligations; g) and caused Telemark Holdings' assets, including machinery, office equipment, and goodwill to diminish in value (See Exhibit A, annexed hereto).

4. As I also set forth in detail in the Amended Complaint, Hovey used Telemark Holdings' machinery, equipment, tools, parts, inventory and raw materials in violation of a

Consent Order expressly barring and restraining him from using, disposing or moving assets, equipment, machinery or materials, and from selling, assigning, transferring, hypothecating, mortgaging, consigning, etc. any of Telemark Holdings' property (See Exhibit A, annexed hereto).

5. In the Amended Complaint, I sought damages from Defendants Hovey, et al for conversion (Count One), unlawful interference with prospective economic advantage (Count Two), tortious interference with actual economic advantage (Count Three), unjust enrichment (Count Four), quantum merit (Count Five), violation of the implied covenant of good faith and fair dealing (Count Six), Count Seven (Constructive Trust), breach of common law fiduciary (Count Eight), civil conspiracy (Count Nine), fraudulent concealment and spoilation of evidence (Count Ten), trade fraud (Count Eleven), violation of the New Jersey Limited Liability Act (Count Twelve), violation of the revised Uniform Limited Liability Company Act (Count Thirteen), negligence (Count Fourteen) and punitive damages (Count Fifteen) (See Exhibit A, annexed hereto).

6. A copy of the Jury Verdict Sheet response in the underlying state court matter dated November 1, 2019, which is the subject of Hovey's application to lift the stay to appeal, is annexed hereto as Exhibit B. In responding to same, the jury unanimously found that: a) Hovey wrongfully exercised dominion and control over machinery, equipment, raw materials, inventory, tools and parts and monies owed to Telemark CNC and awarded me compensatory damages for my losses of $250,000.00; b) I was entitled to additional compensation in the amount of $12,500.00 for monies re-invested by me in Telemark Holdings that I never took as draw in compensation; and c) Hovey breached the implied covenant of good faith and fair dealing and that he, individually and as a member of Telemark Holdings wrongfully dissolved

Telemark Holdings. The jury awarded me an additional $250,000.00 as a result of Hovey's actions (See, Exhibit B, annexed hereto).

7. A copy of the Judgment and constructive trust that was entered on November 16, 2018 by the Honorable Peter A. Bogaard, J.S.C. memorializing the jury award against Defendants Hovey, et al in the amount of $512,500,00 plus pre judgment interest to be calculated and submitted to the Court is annexed hereto as Exhibit C.

8. By the plain language of the November 16, 2018 Judgment, the scope of Defendants' assets subject to the constructive trust consisted of:

> a) all machines, equipment, raw material, inventory, parts and tools located or formerly located at the premises of Telemark Holdings, LLC and/or the premises of Telemark CNC at 429 Rockaway Valley Road, Boonton, New Jersey 07005 or elsewhere and the proceeds of same; and

> b) all other assets of Defendants, including cash, stocks, bonds, accounts receivables, interests in any partnership, limited liability company, corporation or sole proprietorship, automobiles, motorcycles, trucks, machinery, equipment, raw materials, inventory, parts, tools, realty (subject to right of survivorship and all applicable laws), personalty and fixtures and the proceeds of those assets, regardless of the name and manner in which they are/were held.

(See Exhibit C, annexed hereto) .

9. The constructive trust imposed over Defendants' assets in paragraph 5(a) and (b) of the Judgment prohibited the *"sale, disposition, hypothecation, movement, consignment or transfer of these assets by Defendants or their representatives pending further Order of the Court or until such time as there is full satisfaction of the judgment or an appropriate appeal bond is posted"* (emphasis added). Under the Judgment, I was expressly given authority to enforce my rights to the constructive trust by use of law enforcement personnel and the Courts and if Defendants or their representatives interfered with these rights, they were subject to sanctions to the fullest extent permitted by law (See Exhibit C, annexed hereto).

10. On March 5, 2019, Judge Bogaard entered an Amended Judgment awarding pre-judgment interest payable by Defendants in the amount of $57,142.23 calculated through December 19, 2019, the date of docketing of the November 16, 2018 Judgment on the civil docket, with post judgment interest to be calculated thereafter at the per diem rate set by New Jersey Court Rule, R 4:42-11 (See Exhibit D, annexed hereto).

11. On March 7, 2019, Judge Bogaard entered a Revised Amended Judgment to correct a typographical error in the Amended Judgment entered on March 5, 2019 (See Exhibit E, annexed hereto).

12. Subsequently, due to Defendants' failure to cooperate and provide responses to an Information Subpoena forwarded in post judgment supplemental discovery that requested information as to Defendants' personal and business assets, Judge Bogaard entered an Order on March 5, 2019 adjudicating Defendants to be in violation of litigant's rights. Judge Bogaard ordered Defendants to respond in full as to all previously issued subpoenas on or before March 15, 2019 or a bench warrant would issue (See Exhibit F, annexed hereto).

13. Just two days later on March 7, 2019, despite the clear requirement imposed by the March 5, 2019 Order, Defendant Hovey, as managing member for Telemark CNC, submitted incomplete and misleading responses to the Information Subpoena. For example, Information Subpoena Question No. 14 requested that a list be provided of *"**all accounts receivables due to the business, stating the name, address and amount due on each receivable to avoid disclosing same to the Plaintiff**"*. In response, Defendant Hovey redacted the identity of Telemark CNC's customers in its Accounts Receivable listings in order to interfere with my ability to levy on these assets. Where Question No. 18, asked Defendant to identify "all litigation in which the business is involved", Mr. Hovey falsely stated, as managing member of Telemark CNC, that

there were: *"NONE-Telemark CNC has not been a party to litigation"*, despite his knowing that a Judgment and constructive trust was entered against him and all other defendants, jointly and severally on November 16, 2018 in the amount of $512,500.00 plus interest (See Exhibit G, annexed hereto).

14. Thereafter, Defendants Hovey, et al in bad faith perpetuated a scheme to frustrate my ability to collect on the Judgment in blatant violation of New Jersey Rules of Court and Court Orders in this case, as I am advised. Specifically, Defendants Hovey et al filed a new lawsuit on April 4, 2019 by Verified Complaint and ex parte and Order to Show Cause to enjoin and restrain enforcement of the November 16, 2018 Judgment and constructive trust pending an appeal of the underlying judgment. This new Verified Complaint and Order to Show Cause with Temporary Restraints was filed without notice to me or my attorney in the Superior Court of New Jersey, Morris County, Chancery Division, General Equity under Docket No. MRS-C-35-19 in the matter captioned, *William C. Hovey, individually and as a member of Telemark Holdings, LLC and Telemark CNC, LLC and Telemark CNC, LLC vs. Robert Pietrowicz.* (See Exhibit I annexed hereto).

15. By Order entered on April 4, 2019, Defendants, Hovey, et al's Verified Complaint was dismissed *sua sponte* by the Honorable Maritza Berdote Byrne, J.S.C. on the basis that it was procedurally improper. In the Court's Statement of Reasons accompanying its Order of Dismissal, Judge Berdote Byrne held that the Verified Complaint violated the procedures set forth in R. 2:9-5 for such relief, which required that an application of this type be made to the original court entering the judgment (See Exhibit J, annexed hereto).

16. Rather than follow Judge Berdote Byrne's directions, Hovey and Telemark CNC immediately re-filed the identical Verified Complaint and ex parte Order to Show Cause with

Temporary Restraints on April 4, 2019 in the Superior Court of New Jersey. Morris County, Law Division with a new docket number, without notice to me or my lawyer in the matter captioned, *William C. Hovey, individually and as a member of Telemark Holdings, LLC and Telemark CNC, LLC and Telemark CNC, LLC vs. Robert Pietrowicz* under Docket No. MRS-L-744-19 (See Exhibit K, annexed hereto).

17. It is apparent that this filing was made in bad faith effort by Defendants Hovey, et al, to shop the case with the hope that a judge other than Judge Berdote Byrne and Judge Bogaard would view Defendants' arguments differently. I understand that this new Law Division case was assigned by the Clerk's Office in Morris County to Judge Bogaard for disposition. On April 5, 2019, Judge Bogaard signed a modified version of Defendants' ex parte Order to Show Cause without my input: a) staying and enjoining enforcement of the Writs of Execution entered on March 27, 2019; and b) granting and denying in part Defendants' request to stay and enjoin enforcement of the Judgment and constructive trust pending final ruling on appeal (See Exhibit L, annexed hereto)

18. On May 8, 2019, on the return date of the Order to Show Cause, I was present in Court with my attorney when Judge Bogaard informed us for the first time that a complaint and order to show cause seeking identical relief had been previously filed by Defendants Hovey, et al (as Plaintiffs) in the Superior Court of New Jersey, Chancery Division, General Equity Part before Judge Berdote Byrne and that it was denied. Subsequently, during the course of oral argument, my attorney requested that the Verified Complaint and ex parte Order to Show Cause filed under Docket No. MRS-L-744-19 be dismissed with prejudice and Judge Bogaard agreed, stating for the record that there were procedural issues (irregularities) with the manner in which Defendants' Verified Complaint had been filed, with no appeal having been filed and no bond

having been posted for the judgment. Judge Bogaard also ruled that the Verified Complaint and ex parte Order to Show Cause with Temporary Restraints by Defendants Hovey, et al should have been filed in the original case under Docket No. MRS-L-796-14 and not by the filing of a new Complaint (See Order entered on May 23, 2019, annexed hereto as Exhibit M). I am advised that several hours after the oral argument concluded on May 8, 2019, Defendants Hovey, et al filed their Notice of Appeal and Appellate Civil Case Information Statement of the Judgment entered on November 16, 2018 under Docket No. MRS-796-14 with the Superior Court of New Jersey, Appellate Division, with no bond in place to secure the judgment (See Exhibit H, annexed hereto).

19. Subsequently, on June 21, 2019, Judge Bogaard entered a Post Judgment Order of Enforcement, which held that I was entitled to a full and complete inventory inspection of all things located at Defendant Hovey's residence at 14 Balchen Way, Rockaway, New Jersey and his summer home, at 53 Admiral Drive, Tuckerton, New Jersey, including but not limited to Defendant Hovey's personal property regardless of ownership or use, with the inventory inspection to be conducted by the Sheriff's Office of the County where the properties were located. This would include business property (e.g., machinery, equipment, inventory, parts, tools, etc.) located at Defendant Hovey' residence(s) (See Exhibit N, annexed hereto). The order also directed Defendant Hovey to appear at my attorney's office for his supplemental deposition within three weeks; he was to provide more specific responses to the Information Subpoena; and his attorney, Nabil Kassem, Esq. was required within seven (7) days to supply copies of government contracts and other contracts and non-disclosure agreements that Defendants requested the Court to consider in their opposition to my executing on Defendants' assets (See Exhibit N, annexed hereto). Nonetheless, Defendant Hovey failed to appear to be deposed and

provide more specific responses to the Information Subpoena. I also understand that Mr. Kassem failed to provide government contracts to the Court for its consideration.

20. The June 21, 2019 Order was modified in part on July 8, 2019 when at the request of the Morris County Sheriff's Office, Judge Bogaard entered an Order excluding my attorney from being present when the inventory inspection took place. (See Exhibit O, annexed hereto)[1]. On July 9, 2019, I am advised that Morris County Sheriff's Officer, Diana Bustamente attempted to inventory Defendants' personal property at 14 Balchen Way, Rockaway, New Jersey, but Defendant Hovey refused to allow her access to his house for that purpose. (See Exhibit Q, annexed hereto). My attorney confirmed by letter Officer Bustamente's request that I obtain an order from the Court permitting forcible entry by the Sheriff's Office to conduct the inventory (See Exhibit R, annexed hereto).

21. On July 31, 2019, I filed a Notice of Motion to find Defendant Hovey in violation of litigant's rights and for other relief because of his refusal to allow Officer Bustamente to conduct the court ordered inventory inspection at his Rockaway residence. (See Exhibit S, annexed hereto). This motion was pending when Mr. Hovey filed for Chapter 13 Bankruptcy on September 24, 2019.

22. Prior to Mr. Hovey's filing of his bankruptcy petition, the Appellate Division of the Superior Court of New Jersey dismissed Defendants' appeal on September 23, 2019 for failing to file a timely brief (See Exhibit T, annexed hereto).

23. On October 2, 2019, Mr. Hovey filed a Notice of Motion with the Appellate Division for Reconsideration of its September 23, 2019 Order (See Exhibit U, annexed hereto).

---

[1] On August 30, 2019, Judge Bogaard reconsidered his prior order and permitted my attorney to appear at the inventory inspection at Mr. Hovey's residence in Rockaway, New Jersey (See Exhibit P,

24. On October 10, 2019, the Appellate Division communicated in writing to the attorneys involved in the state court action with regard to the effect of the Bankruptcy automatic stay on the appeal. (See Exhibit V, annexed hereto)

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are wilfully false, I may be subject to punishment.

_____
Robert M. Pietrowicz

Dated: November 11, 2019