**Dean G. Sutton, Esquire**
Attorney At Law
Board Certified
Consumer Bankruptcy Law
American Board of Certification

*BERGEN COUNTY OFFICE*
151 W. Passaic Street, 2ND floor
Rochelle Park, NJ 07662

*MORRIS COUNTY OFFICE*
181 New Road, Suite 201
Parsippany, NJ 07054

-------------
**MAIN OFFICE**
**18 Green Rd**
**P.O. Box 187**
**Sparta. NJ 07871**
-------------
**(973)729-8121**
Fax (973) 729-6685
www.deansuttonlaw.com

December 11, 2019

*Sent Via E-Mail*

Honorable Rosemary Gambardella
King Federal Building
50 Walnut Street, 3rd Floor
Newark, N.J. 07102

Reference:  William Hovey
Case No.  19-28149/RG
Cross Motion re: to Dismiss Chapter 13 Case as Bad Faith Filing and Opposition to Debtor's Motion for Relief from the Automatic Stay to Pursue Appeal on Behalf of Creditor, Robert M. Pietrowicz
Hearing Date:  December 18, 2019 @ 10:00 a.m.

Dear Judge Gambardella,

Please accept this letter in lieu of a more formal brief in reply to the above referenced Cross-Motion to Dismiss the Debtor's Chapter 13 case filed on behalf of Robert M. Pietrowicz ("creditor").

The creditor takes the position that the debtor is not eligible to be a Chapter 13 debtor under 11 U.S.C. Sec. 109(e), and that the case was not filed in good faith.

The debtor disagrees for the following reasons:

## ELIGIBILITY UNDER 11 U.S.C. SEC. 109(e)
## REGULAR INCOME

Sec. 109(e) requires a debtor to have "regular income."

The source or type of income is not the benchmark.  Rather, it is its stability and regularity. See In re Antoine, 208 B.R. 17 (Bankr. E.D.N.Y. 1997).

Here, the debtor's bankruptcy schedules reflect that the debtor had a consulting position and the debtor's spouse was employed as the Director of Special Education for Jefferson Township Public Schools.

Since the case was filed, their circumstances have changed for the better. The debtor has obtained a permanent position as a Design Assurance Engineer with an annualized salary of about $175,000.00. He will begin work on December 9, 2019. His spouse has changed employers and is now receiving a gross salary of $9,000.00 per month. She is also receiving pension income from the State of New Jersey of about $5,400.00 per month (Gross), so her current income is comparable to her pre-petition income. (Exhibit A).

Courts have generally been willing to consider "gratuitous contributions from the non-bankruptcy filing spouse of a debtor to be "regular income" for purposes of Chapter 13 eligibility." See In re Andolino, 525 B.R. 588, 591 (Bankr. N.J. 2015) citing Judge Keith Lundin's treatise.

Here, the combined regular family income clearly satisfies the regular income requirement of Sec. 109(e).

## **DEBT LIMITS**

Sec. 109(e) contains a limitation in the amount of debt permitted to a Chapter 13 debtor. That limit is "noncontingent, liquidated, unsecured debts" which must be less than $394,725.00.

Here, based upon a judgment entered pre-petition, the creditor filed a general, unsecured claim in the amount of $583,135.72. Clearly, if this claim is allowed, the debtor could not be in a Chapter 13 case.

However, the debtor has filed a Motion objecting to that claim. (See Docket Entry 33).

Subsequent to the entry of that judgment, the Sheriff of Morris County conducted a Sheriff's Sale. The creditor purchased a substantial amount of business equipment and a 1966 Ford Mustang for $100.00.

The creditor did not give the debtor a credit for the fair market value of the machinery, equipment and vehicle which he purchased. Such a credit is required by New Jersey Law. MMU of NY, Inc. v. Grieser, 415 N.J. Super. 37 (N.J. Super. 2010).

It is the debtor's position that after that credit is applied to the debt, the amount truly owed to this creditor will be substantially reduced or even eliminated completely. Until the Court rules on the debtor's Motion, this debt is not liquidated, and therefore, it may not be included in the Sec. 109(e) debt limitation.

Additionally, the debtor would ask that this Court rule on the debtor's Motion to Reduce this creditor's claim before ruling on the debtor's eligibility to be a Chapter 13 debtor.

## **GOOD FAITH**

In <u>In re Zaver</u>, 520 B.R. 159 (Bankr. 2014), Judge France discusses the pertinent case law as follows:

"on request of a party in interest, a Chapter 13 bankruptcy case may be dismissed "for cause<u>".</u> <u>11 U.S.C. Sec. 1307(c)</u>. Although good faith is not explicitly mentioned in the Code, the Court of Appeals for the Third Circuit recognizes the absence of good faith or presence of bad faith as grounds for dismissal. <u>In re Myers</u>, 491 F. 3d 120, 125 (3d Cir. 2007). However, "good faith is a term incapable of precise definition. [T]he good faith inquiry is a fact intensive determination…[which]…must be assessed on a case-by-case basis in light of the totality of the circumstances." <u>In re Lilley</u>, 91 F. 3d 491, 496 (3d) Cir. 1996). A bankruptcy court must assess a debtor's good faith based on the facts of each case, "considering the 'honest intention' of the debtor and 'whether the debtor has abused the provisions, purpose, or spirit of bankruptcy law.'" <u>Perlin v. Hitachi Capital Am. Corp. (In re Perlin)</u>, 497 F. 3d 364 (3d Cir. 2007). (quoting <u>Frank v. Tamecki (In re Tamecki)</u>, 229 F. 3d 205, 207 (3d Cir. 2000)). Dismissal should be reserved for "'those egregious cases that entail concealed or misrepresented assets and/or sources of income, lavish lifestyles, and intention to avoid a large single debt based upon conduct akin to fraud, misconduct or gross negligence.'" Id. (quoting <u>In re Zick</u>, 931 F. 2d 1124, 1129 (6th Cir. 1991)); cf. <u>Perlin</u>, 497 F. 3d at 375 (holding that debtors with substantial income who filed bankruptcy after creditor requested default judgment against them did not display bad faith); <u>In re Dahlgren</u>, 418 B.R. 852, 856-57 (Bankr. D. N.J. 2009) (holding that debtor filing bankruptcy on eve of sale in lieu of partition of real property, while "suspicious," was insufficient to warrant dismissal of case). Once a creditor makes a prima facie showing that a case was filed in bad faith, the burden shifts to the debtor to provide by a preponderance of the evidence that the Chapter 13 case was filed in good faith. <u>Alt v. United States (In re Alt)</u>, 305, F. 3d 413, 420 (6th Cir. 2002); <u>In re Scotto-DiClemente</u>, 459 B.R. 558, 562 (Bankr. D.N.J. 2011) (citing <u>Tamecki</u>, 229 F. 3d at 207).

The Third Circuit has adopted the following list of factors as a framework for analyzing good faith when considering whether a Chapter 13 case should be dismissed under <u>11 U.S.C. Sec. 1307(c)</u>.

(1) the nature of the debt;

(2) the timing of the petition;

(3) how the debt arose;

(4) the debtor's motive in filing the petition;

(5) how the debtor's actions affected creditors;

(6) the debtor's treatment of creditors both before and after the petition was filed; and

(7) whether the debtor has been forthcoming with the bankruptcy court and the creditors.

Lilley, 91 F. 3d at 496 (citations omitted), quoted in Myers, 491 F. 3d at 125. However, the Court also has made it clear that "no list is exhaustive of all the factors which could be relevant when analyzing a particular debtor's good faith." 15375.

[520 B.R. 166]

Memorial Corp. v. Bejco, LP (In re 15375 Memorial Corp.), 589 F. 3d 605, 618 n. (3d Cir. 2009)."

Based upon the above discussion, the factors set forth in Lilley are analyzed below:

### THE NATURE OF THE DEBT

The debtor's debts consist of 2 mortgages, 2 loans on vehicles and a number of business debts, as is evidenced by the Debtor's bankruptcy schedules and the filed Proofs of Claim which show that the debtor personally guaranteed several equipment leases and business loans. (Exhibit B).

Additionally, of course, the creditor holds a judgment. The amount owed to the creditor is disputed. Despite what the creditor says, the source of the judgment was a contract dispute which resulted in a jury verdict in favor of the creditor and against the debtor. (Exhibit C).

No punitive damages were awarded to the creditor and all of the tort claims were rejected by the Court. The Court also reduced the jury's award from $579,187.00 to $512,500.00.

The creditor argues that he is the only creditor and that this is a 2 party dispute.

As shown by the 9 filed claims, this position is simply incorrect.

### TIMING OF THE PETITION

The debtor filed his petition the day after his appeal was dismissed.

He did not file during the many years the litigation with this creditor was pending.

He did not file immediately before or after the jury's decision.

He did not file immediately before the Sheriff's Sale when all of his business assets and his 1966 Mustang were sold for $100.00.

He did not file immediately after the Sheriff's Sale, which would have allowed him to delay or defeat the transfer of the assets by the Sheriff.

He filed only after his appeal was dismissed.

I would suggest to this Court that the timing of the filing of this Chapter 13 case shows the absolute good faith of this debtor.

## HOW THE DEBT AROSE

With the exception of this creditor's judgment, the debtor's debts are typical: mortgages, car loans and business loans and equipment leases.

The debtor and the creditor had a business relationship which turned sour. They were in some sort of litigation for most of this decade.

This creditor filed a 15 Count Complaint. A complaint which is based in contract but tries to include fraud, quasi-contract and torts in order to get punitive damages is known as a "shotgun blast" complaint and is not favored in New Jersey. Barriga v. Advanced Surgery Center, LLC. Page 1. (N.J. Super. 2018). That's what this creditor tried to do, and the trial court correctly dismissed all but 3 of the counts. Then the jury rejected this creditor's request for punitive damages.

Now, in this Court, this creditor raises the same arguments which have already been rejected in the State Court litigation for the purpose of attempting to portray this debtor as a dishonest person who committed an intentional tort of some sort. The State Court has already rejected that position. (See Debtor's Certification).

This was simply a breach of contract case. Nothing more.

## THE DEBTOR'S MOTIVE IN FILING THE PETITION

The motive here is clear. The debtor needs to reorganize. His income ceased when his business assets were sold. He has his residence and a small vacation home. They are both owned jointly with his spouse, who is not a debtor in this case. They have equity in those properties and they want to retain them. The debtor knows that he will need to pay a significant amount of money to his creditors, and he is willing to do so. He simply needs to protect his income and assets from this creditor in order to be able to pay all of his creditors their fair share.

## HOW THE DEBTORS ACTIONS AFFECTED HIS CREDTIORS

With the exception of this creditor, the debtor's actions did not affect any other creditor. The debtor clearly believed that his actions in connection with the business were legal and justified. A jury disagreed. But again, this was a contractual business dispute.

If breach of contract were a reason to find that a debtor filed a bankruptcy in bad faith, there would be no bankruptcies.

## THE DEBTOR'S TREATMENT OF CREDITORS BOTH BEFORE AND AFTER THE PETITION WAS FILED

The debtor's Chapter 13 Plan provides for payment of a 100% dividend to all allowed claims. (Exhibit D). And the debtor is current with his Chapter 13 Plan Payments. (Exhibit E).

He was not in arrears of any of his debts until his business assets were sold at Sheriff's Sale. He then immediately obtained temporary income from a consulting job and then obtained permanent employment shortly thereafter. All of this, within a few short months and all for the purpose of paying his Chapter 13 obligations.

## WHETHER THE DEBTOR HAS BEEN FORTHCOMING WITH THE BANKRUPTCY COURT AND THE CREDITORS

The debtor has been completely forthcoming.

He obtained appraisals for his real estate and supplied all required documents to the Chapter 13 Trustee.

He was unable to provide valuations for a number of his assets because he was not sure which assets were sold at Sheriff's Sale. This creditor sought to levy all of his interests in other businesses, as well as his bank accounts and the debtor wasn't certain if he still owned those assets. As a result, his Bankruptcy Schedules listed all of those assets and stated that they may have been sold at Sheriff's Sale.

Additionally, he needs his personal and business records which were taken by this creditor after the Sheriff's Sale. This creditor has been uncooperative and the debtor has not been able to obtain replacement records for those items.

The debtor, thorough counsel, has issued subpoenas for his bank records and the Sheriff's files. He has just received the Sheriff's documents, but is still awaiting the bank records. As he obtains more records, he will be in a position to provide more information to this Court.

## **SUMMARY**

This case is no different than the millions of other cases which have been filed over the past 40 years. And this debtor is no different than those millions of people who filed in good faith and who needed and received Bankruptcy relief.

Based upon the above, we respectfully ask that this creditor's Motion be denied.

                                                  Respectfully submitted,
                                                  /s/Dean G. Sutton
                                                  Dean G. Sutton

DGS/st
Enclosures
cc: Leonard C. Walczyk, Esq. – Counsel for Robert M. Pietrowicz – *Sent Via Email*
     Marie Ann Greenberg, Chapter 13 Trustee – *Sent Via E-Mail*
     William C. Hovey, Debtor