**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

Caption in Compliance with D.N.J. LBR 9004-2©

**WASSERMAN, JURISTA & STOLZ, P.C.**
110 Allen Road, Suite 304
Basking Ridge, NJ  07920
Phone: (973) 467-2700
Fax: (973) 467-8126
Co-Counsel for Robert M. Pietrowicz, Creditor
**LEONARD C. WALCZYK**

**FLASTER LAW GROUP**
30B Vreeland Road, Suite 100
P.O. Box 21
Florham Park, NJ  07932
Phone:  (973) 822-7900
Fax:  (973) 822-7923
Co-Counsel for Robert M. Pietrowicz, Creditor
**NEAL H. FLASTER**

Adv. Case No.: _____
Case No.: 19-28149

Chapter 13

Honorable Rosemary Gambardella

In Re:

**WILLIAM CHARLES HOVEY,**

Debtor.

**ROBERT M. PIETROWICZ,**

                    Plaintiff,

vs.

**WILLIAM CHARLES HOVEY,**

                    Defendant.

**ADVERSARY COMPLAINT
OBJECTING TO ENTRY OF
DISCHARGE PURSUANT TO
11 U.S.C. §523(a)(2)(A) and §523(a)
(4) and (a)(6)**

**TO THE COURT AND ALL PARTIES IN INTEREST:**

Robert M. Pietrowicz ("Pietrowicz"), a Plaintiff and Creditor of the above named Debtor,

William C. Hovey ("Defendant"), hereby objects to the entry of discharge in the above entitled action

pursuant to 11 U.S.C. §523(a)(2)(A) and §523(a)(4) and (a)(6) and Rule 4004 of the Federal Rules

of Bankruptcy Procedure, and alleges as follows:

## INTRODUCTION

1.     This is an action objecting to entry of discharge in the Chapter 13 bankruptcy action

filed by Defendant, William C. Hovey, case number 19-28149 pending in the United States.

Bankruptcy Court for the District of New Jersey.

2.     Defendant is not eligible for discharge as a debtor in his Chapter 13 bankruptcy case

pursuant to 11 U.S.C. §523(a)(2)(A) and §§523(a)(4) and (a)(6).

## JURISDICTION

3.     This Court has jurisdiction of this adversary proceeding pursuant to 11. U.S.C. §

157(b)(2)(J) because it concerns a determination as to objections to discharge.

4.     This is a core proceeding under 28 U.S.C. §157(b)(2)(J).

## VENUE

5.     Venue is proper under 28 U.S.C. §1409.

## PARTIES

6.     At all relevant times herein, Plaintiff, Robert M. Pietrowicz is a resident of 14 Valhalla

Way, Rockaway Township, County of Morris and State of New Jersey.

7.     At all relevant times herein, Defendant, William C. Hovey, a resident of 14 Balchen

Way, Rockaway Township, County of Morris, State of New Jersey, was Managing Member of

Telemark Holdings, LLC and the sole Member owner of Telemark CNC, LLC.

## FACTUAL ALLEGATIONS

**A.     Defendant's Bankruptcy Case.**

2

8.      On September 24, 2019, Defendant filed a Voluntary Petition for Relief under Chapter 13 of Title 11 of the United States Code ("Petition Date"), thereby initiating bankruptcy case number 19-28149-RG, in the United States Bankruptcy Court for the District of New Jersey ("Bankruptcy Case")  (Docket entry No.:1).

9.      Defendant attested in this initial bankruptcy filing that he estimated the valued of his assets at between $500,000 and $1,000,000, with estimated liabilities of between $100,001 and $500,000 owed to various creditors, including the unsecured judgment debt he owed to Plaintiff (Docket entry No.:1).

10.     On October 15, 2019, Defendant filed a Chapter 13 Plan and Motion, which provided for the debtor to pay $325.00 per month to the Chapter 13 Trustee beginning October 1, 2019 for approximately sixty (60) months. By its terms, the order of distribution provided for the Standing Trustee to pay allowed claims in the following order: 1) Ch. 13 Standing Trustee Commissions; 2) DSO Obligations; 3) Attorney's fees; 4) Lease Arrearages; 5) Secured Claims; 6) Priority Claims; and 7) General Unsecured Creditors (Docket entry No.:10).

11.     On November 11, 2020, Plaintiff filed an objection to Defendant's Proposed Chapter 13 plan (Docket entry No.: 23).

12.     On November 11, 2020, Plaintiff filed a Notice of Cross Motion to Dismiss Defendant's Chapter 13 case on the basis that the bankruptcy petition was filed in bad faith and in opposition to Debtor's Notice of Motion for Relief from the Automatic Stay to pursue an appeal of the November 16, 2018 Judgment  in the Appellate Division of the Superior Court of New Jersey (Docket entry No.:24).

13.     On November 12, 2019, the Trustee held the initial meeting of creditors required by

3

11 U.S.C. §341(a).

14.      On November 21, 2019, Plaintiff filed a Proof of Claim in the amount of $583,135.72,

which represented the amount of Plaintiff's claim with pre and post judgment interest fixed by

Judgment entered on November 16, 2018, the Amended Judgment entered on March 5, 2018 and the

Revised Amended Judgment entered on March 7, 2018 in the matter captioned "Robert M.

Pietrowicz, et al vs. William C. Hovey, individually and Telemark CNC, LLC, et al" filed in the

Superior Court of New Jersey, Chancery Division, Morris County under Docket No. MRS-L-796-14.

15.      On December 11, 2019, the Court entered a First Stipulation and Consent Order

Extending Time to File an Adversary Complaint for Non-Dischargeability and to Object to

Discharge to February 23, 2020.

16.      On February 5, 2020, the Court entered a Second Stipulation and Consent Order

Extending Time to File an Adversary Complaint for Non-Dischargeability and to Object to

Discharge to June 21, 2020 (Docket entry No. 43).

17.      On June 15, 2020, the Court entered a Third Stipulation and Consent Order Extending

Time to File an Adversary Complaint for Non-Dischargeability and to Object to Discharge (Docket

entry No.: 64).

18.      On June 23, 2020, the Defendant filed a Modified Chapter 13 Plan, which provided

for Defendant to pay $325.00 per month to the Chapter 13 Trustee starting on October 1, 2019 for

eight (8) months, then the debtor was to pay $2,295.00 per month to the Chapter 13 Trustee for fifty-

two (52) months (Docket entry No.: 68).

4

19.     On September 14, 2020, the Court entered a Fourth Stipulation and Consent Order Extending time to File an Adversary Complaint for Non-Dischargeability and to Object to Discharge (Docket entry No.:105)

20.     Plaintiff brings the instant complaint objecting to entry of discharge in Defendant's Chapter 13 case based on grounds of nondischargeability pursuant to 11 U.S.C. §523(a)(2)(A), §523(a)(4) and §523(a)(6) based on Defendant's pre-petition conduct that resulted in the entry of the November 16, 2018 Judgment, the Amended Judgment dated March 5, 2018 and the Revised Amended Judgment dated March 7, 2020.

### B.     Background Facts

21.     Plaintiff Robert M. Pietrowicz and Defendant William C. Hovey formed Telemark Holdings, LLC ("Telemark Holdings" or "Company"), a New Jersey limited liability company on June 1, 2005 with each party owning a fifty (50) percent ownership interest as equal Members in the Company (See Exhibit A, annexed hereto). Telemark Holdings was primarily engaged in the precision machine shop business, with its principal place of business located at 429 Rockaway Valley Road, Boonton, New Jersey.

22.     When Telemark Holdings was formed, Defendant Hovey was designated in filings with the State of New Jersey as the Company's registered agent, with his home address at 14 Balchen Way, Rockaway Township, New Jersey listed as the Company's registered office (See Exhibit A, annexed hereto).

23.     Defendant directed that the Company's business, financial and tax records be forwarded to his home address, with all records maintained under his exclusive care and control.  Defendant was at all times, the Managing Member of the Company.

5

24.      From Telemark Holdings onset, Plaintiff provided it with *inter alia*, his goodwill, extensive experience as a machine shop owner, contributions of machinery and equipment necessary to operate Telemark Holdings as a precision machine shop, and capital contributions to fund the Company's operations. Defendant Hovey's contributions to the Company consisted primarily of his role as sales person responsible for generating new customer sales.

25.      After Telemark Holdings' was formed, the Company acquired numerous assets, including machines, equipment, parts, inventory, raw materials, tools,  patent and/or trademark rights,  an active client/customer list, accounts receivables, and funds on deposit at bank(s) and/or financial  institutions. At the same time, Telemark Holdings incurred thousands of dollars in outstanding business debts and liabilities, including lines of credit, equipment leases, and other financial/monetary obligations, such as its lease at 429 Rockaway Valley Road Boonton, New Jersey.

26.      Based on agreement of the parties, Telemark Holdings and its machinery, equipment, inventory, materials, parts and other assets located to 429 Rockaway Valley Road, Boonton, New Jersey. At some point thereafter, Plaintiff moved his precision machine shop company, Single Point Precision, LLC ("Single Point") with the consent of all parties to a location immediately adjacent to Telemark Holdings, separated by a sliding door.

27.      On May 28, 2010, Defendant filed an alternate name designation with the State of New Jersey for Telemark Holdings to legally use the name "Telemark" for "marketing services".  In this filing, Defendant claimed that he was the "Chairman of the Board", "President", "Vice President", "General Partner" and "Authorized Representative" of the Company (See Exhibit B, annexed hereto).

28.      Beginning in or about January 2011, a dispute arose amongst the parties over the continued control, management and operation of Telemark Holdings.

29.      Thereafter, Defendant began to surreptitiously poach Telemark Holdings customers. On at least one occasion, Defendant fraudulently misrepresented to Telemark Holdings' customers that Telemark CNC and Telemark Holdings were the same company and operated by the same persons and that the new company name was little more than a name change (e.g., ""Telemark CNC is the same company as Telemark Holdings").

30.      On May 3, 2011, Defendant filed a certificate of formation with the State of New Jersey for Telemark CNC, LLC ("Telemark CNC"), a New Jersey limited liability company, without notice to the Plaintiff (See Exhibit C, annexed hereto).  Defendant formed Telemark CNC, while he continued to operate the Company as its Managing Member, Officer and employee.

31.      At that point in time, Defendant successfully took control over Telemark Holdings' goodwill, website, street address, business lease, customer lists, telephone number, machines, equipment, inventory, parts and raw materials for himself and for the benefit of Telemark CNC.

32.      Defendant's formation and operation of Telemark CNC in lieu of Telemark Holdings was undertaken in violation of the fiduciary duties and duties of loyalty, good faith and care imposed on Defendant as Managing Member, officer and employee of Telemark Holdings.

33.      In furtherance of Defendant's nefarious scheme, in or about June 1, 2011 he unilaterally expelled Plaintiff from Telemark Holdings' premises by physically locking him out of the Company. Plaintiff then negotiated an agreement with the Landlord to take over the Company's lease under Telemark CNC's name, thereby preventing Plaintiff from regaining access to Telemark Holdings' premises as a Member of Telemark Holdings, the original lessee.

7

34.    Following Defendant's ouster of Plaintiff from Telemark Holdings, Plaintiff made multiple requests to Defendant for access to the Company's financial books and records, including but not limited to records of tax payments and liabilities, bank accounts, customer lists, accounts payable, accounts receivables and credit records, which Defendant refused to produce.

35.    Thereafter, on August 26, 2011, without notice to or consent from Plaintiff, the Defendant unilaterally filed a Certificate of Cancellation for Telemark Holdings with the State of New Jersey, effective August 31, 2011 prior to winding up the business affairs of the Company and contrary to New Jersey law.

36.    As a result of Defendant's actions, Telemark Holdings' assets, including but not limited to its machines, equipment, office equipment and goodwill diminished in value and were not distributed to Plaintiff as a Member of the Company as part of the winding down process as required by law. Instead, Telemark Holdings' assets, including machines, equipment, inventory, material, parts and tools were unilaterally taken by Defendant for use in by Telemark CNC.

37.    From May 25, 2011 through December 31, 2011, Defendant diverted approximately $180,122.24 from poached customers of Telemark Holdings and deposited  into Telemark CNC's bank account(s). Thereafter, Defendant's continued poaching of Telemark Holdings' customers resulted in the diversion of additional business deposits in subsequent years to Telemark CNC's accounts, as follows: a) 2012: $253,584.87; b) 2013: $365,513.11; c) 2014: $309,001.02; and d) 2015: $274,512.39.    Between 2011 and 2015, bank records reflect that Defendant diverted approximately $1,382,733.63 in revenue to Telemark CNC from former customers of Telemark Holdings that were poached by Defendant.

38.      As a result of Defendant's false and misleading representations to Telemark Holdings'

customers to induce them to conduct business with Telemark CNC in lieu of Telemark Holdings,

Defendant embezzled and/or converted monies and property (e.g., machinery, equipment, inventory,

materials, etc.) which was rightfully the property of Telemark Holdings. In so doing,  Defendant

unjustly profited from the use *inter alia*, of Telemark Holdings' machinery, equipment, materials,

inventory, parts, customer lists, bank accounts, lines of credit, telephone numbers, intellectual

property rights, including the Company's web site with no compensation paid to Plaintiff for same.

39.      During the course of Defendant's operation of Telemark Holdings, he routinely and

without notice to or consent by the Plaintiff made unauthorized personal charges for himself and his

family (e.g. Home Depot; liquor stores, gasoline stations, etc.) on Company credit cards, in breach

of the fiduciary duty owed that he owed to Plaintiff as a Member of the Company.

40.      On October 28, 2011, Plaintiff filed suit in the matter captioned, "Robert Pietrowicz

v. William Hovey" in the Superior Court of New Jersey, Chancery Division, Morris County under

Docket No.: MRS-C-152-11 (See Exhibit D, annexed hereto).  On January 26, 2012, based on

Defendant's representations that he would comply with a proposed "stand still" agreement, Plaintiff

agreed to enter into a Consent Order with Defendant, whereby they would each be restrained from

"selling, assigning, transferring, hypothecating, mortgaging, consigning using or otherwise disposing

or moving any assets, equipment, machinery or materials of Telemark Holdings in any manner unless

and until a Court ordered otherwise" (See Exhibit E, annexed hereto). Subsequently, the parties

agreed to a voluntary dismissal without prejudice of the Chancery Division law suit by written

Agreement dated January 10, 2014, with all prior orders in the original action to continue until

further order of the Court with a new law suit for money damages to be filed within ninety (90) days

thereafter.(See Exhibit F, annexed hereto).

41.    The Stipulation of Dismissal of the Chancery Division lawsuit was filed with the Clerk,

Superior Court of New Jersey on January 23, 2014 (See Exhibit G, annexed hereto).

42.    In or about March 24, 2014, Plaintiff filed a new complaint in the matter captioned,

"Robert M. Pietrowicz, et al vs. William C. Hovey, et al" in the Superior Court of New Jersey,

Morris County, Law Division under Docket No. MRS-L-796-14 alleging *inter alia*, that Defendant,

as Managing Member of Telemark Holdings breached the statutory fiduciary duty he owed to

Plaintiff in connection with his conduct pursuant to *inter alia*, the Revised Uniform Limited Liability

Company Act ("RULLCA"), N.J.S.A. 42:2C-1, et seq., thereby causing Plaintiff to suffer economic

harm and damages.  On May 15, 2017, Plaintiff filed an Amended Complaint asserting additional

claims for damages against Defendant, which was the operative pleading used at trial (See Exhibit

H, annexed hereto).

43.    As alleged in Plaintiff's Count Thirteen of the Plaintiff's Amended Complaint,

Defendant violated the fiduciary duty imposed on him by statute, the New Jersey Revised Uniform

Liability Company Act ("RULLCA", N.J.S.A. 42:2C-1, et seq.).

44.    Specific to the winding up of the affairs of a limited liability company, the duty of care

owed by a Member of a member-managed limited liability company under RULLCA requires that

the Member "...refrain from engaging in grossly negligent or reckless conduct, intentional

misconduct, or a knowing violation of the law" in accordance with N.J.S.A. 42:2C-39( c).

45.    Pursuant to N.J.S.A. 42-2C-39(d), a member of a limited liability company shall

10

discharge his or her "duties under this act or under the operating agreement and exercise any rights consistently with the contractual obligation of good faith and fair dealing."

46.      Pursuant to N.J.S.A. 42:2C-48(a)(2), the dissolution of a limited liability company may only take place, *inter alia*, upon the unanimous approval of all limited liability company members.

47.      Pursuant to N.J.S.A. 42:2C-49(b)(1), a limited liability company that winds up its activities "shall discharge the company's debts, obligations, or other liabilities, settle and close the company's activities, and marshal and distribute the assets of the company. This includes but is not limited to transferring the limited liability company's property as needed in connection with the winding up of the company pursuant to N.J.S.A. 42:2C-49(d).

48.      Pursuant to N.J.S.A. 42:2C-67(a) and (b), a member of a limited liability company may initiate direct action against another member, a manager, or the limited liability company to enforce the member's rights and otherwise protect the member's interests, including rights and interests under the operating agreement or this act or arising independently of the membership relationship provided that the relief sought relates to an actual or threatened injury to the aggrieved member that is not solely the result of an injury suffered or threatened to be suffered by the limited liability company.

49.      At the trial of the state court matter filed under Docket No.: MRS-L-796-14, Plaintiff testified  regarding the conduct directed against him by Defendant and the extent of damages he suffered as a result.  There was also testimony at trial by a non party witness and former employee of Telemark CNC, who acknowledged that Defendant authorized his use of Telemark Holdings' equipment and machinery located at Telemark CNC's premises, which was contrary to the express language of the January26, 2012 Consent Order prohibiting same and the Agreement dated January

10, 2014 reinforcing the continued applicability of the original Consent Order. There was also testimony by the parties' joint expert in the Chancery Division suit, Francis Brunelle, that Defendant interfered with her efforts to appraise all of the machinery and equipment located at Telemark Holdings/Telemark CNC by denying her access to certain items. There was also testimony by Defendant at trial wherein he admitted that he was the Managing Member of Telemark Holdings but denied any culpability for his actions.

50.    The state court case was tried to a conclusion before a jury beginning in or about September 2018. Following the close of testimony of all witnesses, claims for Defendant's conversion and breach of the covenant of good faith and fair dealing, among others, were submitted to the jury together with a written jury verdict sheet for their consideration (See Exhibit I, annexed hereto).

51.    The jury submitted their responses to the verdict sheet, rejecting the Defendant's testimony and unanimously finding in favor of the Plaintiff, as follows:

a)    Question No. 1. Do you find that the Defendant wrongfully exercised dominion and control over goods, in this case machines, equipment, raw materials, inventory, tools and parts, along with any monies that were due and owing to Telemark Holdings, LLC, but were allegedly transferred to the Defendant himself or Telemark CNC, LLC, in which the Plaintiff had an ownership interest.

Answer: Yes        Vote 7-0

b)    Question No. 2.    What amount of money do you believe would fairly and reasonably compensate the Plaintiff for the actions of the Defendant in depriving the Plaintiff of his interest in the machines, equipment, raw materials, inventory, tools, parts and/or monies as set forth in Interrogatory 1?  Put another way, what was the fair market value of the property (along with any monies you find to have been inappropriately converted) you found Defendant to have converted as of on or about June 2011 and what was the Plaintiff's interest in that value?

Answer: $500,000 (divided by 2) = $250,000

c)  Question No. 3. Do you find that Plaintiff proved that instead of taking draws from any profits generated by Telemark Holdings, LLC, he re-invested either in whole or in part monies he was entitled to take as draws back into the company?

Answer: Yes        Vote 7-0

d)  Question No. 4. Did Plaintiff show that at the time he re-invested any draw monies into Telemark Holdings, LLC, that he reasonably expected to receive remuneration for this action at a later date?

Answer: Yes        Vote 7-0

e)  Question No. 5. Did Plaintiff prove by a preponderance of the credible evidence the sum of money that he re-invested back into the company as opposed to taking a draw and if so what is that sum of money?

Answer: Yes        Vote 7-0        Amount: $66,687

f)  Question No. 6. Do you find that the Defendant as a result was enriched beyond his contractual rights as a member of Telemark Holdings, LLC and that Plaintiff has been damaged as a result?

Answer: Yes        Vote 7-0

g)  Question No. 7. What amount do you find would fairly and reasonably compensate Plaintiff as a result?

Answer:    $12,500

h)  Question No. 8. Did Defendant William C. Hovey fail to comply with the implied covenant of good faith and fair dealing?

Answer: Yes        Vote: 7-0

I)  Question No. 9.  Do you find that Mr. Hovey, individually or as a member of Telemark Holdings, LLC wrongfully dissolved Telemark Holdings, LLC?

Answer: Yes        Vote: 7-0

j)  Question No. 10.  What do you find are the damages (if any) that the plaintiff, Robert Pietrowicz, individually or as a member of Telemark Holdings, LLC has proven he suffered as a result of Defendant's breach of the covenant of good faith and fair dealing?

13

Answer: $250,000

k) Has the Plaintiff demonstrated by clear and convincing evidence that the conduct of the Defendant entitles Plaintiff to an award of punitive damages?

Answer: No        Vote: 7-0

52.     The jury affirmatively found in response to: a) Question No. 1, that Defendant committed acts of conversion by wrongfully exercising dominion and control over machines, equipment, raw materials, inventory, tools and parts, together with monies due and owing to Telemark Holdings but which were allegedly transferred to Defendant or to Telemark CNC. They and awarded damages to Plaintiff in response to Question No. 2 in the amount of $250,000 as "fair and reasonable compensation" for his damages;  b) Question No. 6, that Defendant was enriched beyond his contractual rights as a member of Telemark Holdings and that Plaintiff was damaged as a result, awarding Plaintiff an additional $12,500 in damages; and c) Questions Nos. 8 and 9, holding that Defendant failed to comply with the implied covenant of good faith and fair dealing in his dealings with Plaintiff and that Defendant wrongfully dissolved Telemark Holdings. The jury awarded Plaintiff an additional $250,000 in damages in response to Question No. 10.

53.     On November 16, 2018, the Court entered a written Judgment in favor of the Plaintiff against Defendants, William C. Hovey, individually and Telemark CNC in the amount of $512,500 subject to further  submission and calculation of pre and post judgment interest calculations. (See Exhibit J, annexed hereto).

54.     On March 5, 2019, the Court entered an Amended Judgment awarding Plaintiff pre and post judgment interest (See Exhibit K, annexed hereto).

55.     On March 7, 2018, the Court entered a Revised Amended Judgment to correct a

14

clerical error in the prior Order (See Exhibit L, annexed hereto).

56.      The fiduciary duties imposed on Defendant as Managing Member of Telemark Holdings as set forth in the New Jersey Revised Limited Liability Act, .N.J.S.A. 42:2C-1, et seq. require the member at all times to refrain from engaging in grossly negligent or reckless conduct, intentional misconduct or a knowing violation of the law.  Thus, the Jury Verdict questionnaire controls as to the jury's response to Question 1, wherein they found that Defendant exercised dominion and control over Telemark Holdings' property and as a result of his conversion, Plaintiff suffered damages of $250,000. N.J.S.A. 42:2C-39( c).

57.      Further, the fiduciary duties imposed on Defendant as Managing Member of Telemark Holdings  Defendant as set forth in the New Jersey Revised Limited Liability Act, N.J.S.A. 42:2C-1, et  seq. require the member at all times to discharge his or her "duties under this act or under the operating agreement and exercise any rights consistently with the contractual obligation of good faith and fair dealing." N.J.S.A. 42-2C-39(d). Thus, the Jury Verdict Questionnaire controls as to the jury's response to Questions No. 8 wherein the jury found that  Defendant William C. Hovey failed to comply with the implied covenant of good faith and fair dealing and Question No. 9, wherein they found that Defendant wrongfully dissolved Telemark Holdings, LLC and awarded damages of $250,000.

**COUNT ONE**
**Nondischargeability Pursuant to Section 523(a)(2)A)**

58.      Plaintiff repeats and realleges the allegations set forth in paragraphs One through Fifty-seven as if same were more fully set forth herein.

59.     Section 523(a)(2)(A) of the Bankruptcy Code provides that debts incurred based on "false pretenses, a false representation, or actual fraud" are not dischargeable.

60.     Defendant's liability for the underlying judgment entered on November 16, 2018 resulting from his false pretenses, false representations or actual fraud in connection with *inter alia*, his management of Telemark Holdings, his representations to induce Plaintiff to engage in the business relationship with him in the first instance and continue thereafter over time, his false pretenses and false representations made to poach Telemark Holdings customers and Defendant's false pretenses, representations and/or actual fraud intended to induce Plaintiff to enter into the 2012 Consent Order restraining use of Telemark Holdings machines, equipment and the like, which Defendant failed to abide by and continued to use for at least another six years in violation of the Court Order.

61.     Pursuant to Section 523(a)(2)(A), such debts are not dischargeable.

**WHEREFORE,** Plaintiff Robert M. Pietrowicz, respectfully requests that this Court declare that the Judgment entered against Defendant, William C. Hovey on November 16, 2018 and subsequent state court Orders entered on March 5, 2018 and March 7, 2018 amending the Judgment to include pre and post judgment interest are nondischargeable under Section 523(a)(2)(A) of the Bankruptcy Code and for such other relief that is equitable and just under the circumstances.

## COUNT TWO
## Nondischargeability Pursuant to 11 U.S.C. §523(a)(4)

62.     Plaintiff repeats and realleges the allegations set forth in paragraphs One through Sixty-one as if same were more fully set forth herein**.**

63.     Section 523 (a)(4) of the Bankruptcy Code provides that debts resulting from fraud

or defalcation while acting in a fiduciary capacity, embezzlement or larceny are non dischargeable.

64.     Defendant, as Managing Member of Telemark Holdings is a fiduciary by statute, specifically, the Revised Uniform Limited Liability Company Act, N.J.S.A. 42:2C-1 et seq.

65.     Pursuant to N.J.S.A. 42:2C-39(a), a Member of a Member managed limited liability company owes to the Company and its other members, the duties of loyalty and care stated in subsection b. and c. of this section.

66.     Pursuant to N.J.S.A. 42:2C-39(b), the fiduciary duty of loyalty of a Member in a Member-managed limited liability company includes the following duties:

(1)  to account to the company and to hold as trustee for it any property, profit or benefit by the member;

(a) in the conduct or winding up of the company's activities;
(b) from a use by the member of the company's property; or
( c) from the appropriation of a company opportunity;

(2)  to refrain from dealing with the company in the conduct or winding up of the company's activities as or on behalf of a person having an interest adverse to the company;

(3)  to refrain from competing with the company in the conduct of the company's activities before dissolution of the company.

67.     Specific to the winding up of the affairs of a limited liability company, the duty of care owed by a Member of a member-managed limited liability company under RULLCA requires that the Member "...refrain from engaging in grossly negligent or reckless conduct, intentional misconduct, or a knowing violation of the law" in accordance with N.J.S.A. 42:2C-39( c).

68.     Pursuant to N.J.S.A. 42:2C-39(d), a member of a limited liability company shall discharge his or her "duties under this act or under the operating agreement and exercise any rights consistently with the contractual obligation of good faith and fair dealing."

69.     Pursuant to N.J.S.A. 42:2C-48(a)(2), the dissolution of a limited liability company may only take place, *inter alia*, upon the unanimous approval of all limited liability company members.

70.     Pursuant to N.J.S.A. 42:2C-49(b)(1), a limited liability company that winds up its activities "shall discharge the company's debts, obligations, or other liabilities, settle and close the company's activities, and marshal and distribute the assets of the company. This includes but is not limited to transferring the limited liability company's property as needed in connection with the winding up of the company pursuant to N.J.S.A. 42:2C-49(d).

71.     Pursuant to N.J.S.A. 42:2C-67(a) and (b), a member of a limited liability company may initiate direct action against another member, a manager, or the limited liability company to enforce the member's rights and otherwise protect the member's interests, including rights and interests under the operating agreement or this act or arising independently of the membership relationship provided that the relief sought relates to an actual or threatened injury to the aggrieved member that is not solely the result of an injury suffered or threatened to be suffered by the limited liability company.

72.     Defendant's liability for the underlying judgment entered on November 16, 2018 resulting from his fiduciary defalcations as Managing Member of Telemark Holdings is clear. By way of example and not limitation, Defendant failed to account to the Company to hold its assets, including all machinery, equipment, inventory, etc. in trust while the Company's activities were winding down. Instead, Defendant elected to take possession of Telemark Holdings' assets (e.g., machines, equipment, inventory, etc.) for himself or for the benefit of Telemark CNC to use and to misappropriate Company opportunity by poaching Telemark Holdings' customer base on behalf of Telemark CNC, while at the same he was misrepresenting to the Company's customers that

Telemark CNC was simply a new name for the existing company. In so doing, Defendant completely disregarded the statutory fiduciary duties imposed on him as a matter of law.

72.     Defendant's conduct herein constituted not only a defalcation while acting in a statutory fiduciary capacity but also constituted embezzlement as Defendant took control and custody of Telemark Holdings' property by fraudulent conversion for his self gain and for the benefit of his wholly owned company, Telemark CNC.

73.     Specifically, Defendant fraudulently converted Telemark Holdings machinery, equipment, material, inventory, etc. that he was restrained from using pursuant to the terms of the Consent Order entered into by the parties in 2012, which by agreement continued in force until further Order of the Court.  Because Defendant sought no relief from any Court from the restrictions placed on his use of Telemark Holdings' property while he used this property in the operation of Telemark CNC's business, Defendant fraudulently converted Telemark Holdings property in violation of the Consent Order. Thus, the Judgment entered on November 16, 2018 and subsequent amended Orders entered in state court are also nondischargeable based on grounds of embezzlement under §523(a)(4).

74.     By virtue of Defendant's actions as stated herein and pursuant to 11 U.S.C. §523(a)(4) of the Bankruptcy Code, Defendant is not entitled to a discharge of the Judgment entered on November 16, 2020 and subsequent related state court orders entered on March 5, 2018 and March 7, 2018.

**WHEREFORE,** Plaintiff Robert M. Pietrowicz, respectfully requests that this Court  declare that the Judgment entered against Defendant, William C. Hovey on November 16, 2018 and subsequent state court Orders entered on March 5, 2018 and March 7, 2018 amending the Judgment

to include pre and post judgment interest are nondischargeable under Section 523(a)(4) of the

Bankruptcy Code and for such other relief that is equitable and just under the circumstances.

### COUNT THREE
### Nondischargeability Pursuant to 11 U.S.C. §523(a)(6)

75.     Plaintiff repeats and realleges the allegations set forth in paragraphs One through

Seventy-four as if same were more fully set forth herein**.**

76.     Section 523(a)(6) of the Bankruptcy Code provides that a debtor may not receive a

discharge for debts incurred for "willful and malicious" injury by the debtor to another individual

or entity.

77.     Defendants conduct set forth herein, which resulted in Judgment having been entered

against him on November 16, 2018 for $512,500 together with an Amended Judgment entered on

March 5, 2018 and a Revised Amended Judgment entered on March 7, 2018 imposing pre and post

judgment interest resulted from Defendant's willful conduct in breach of his fiduciary duty as

Managing Member of Telemark Holdings. Since Defendants actions were intended to inflict

malicious injury to the Plaintiff, they are nondischargeable under 11 U.S.C. 523(a)(6).

**WHEREFORE,** Plaintiff Robert M. Pietrowicz, respectfully requests that this Court

declare that the Judgment entered against Defendant, William C. Hovey on November 16, 2018 and

subsequent state court Orders entered on March 5, 2018 and March 7, 2018 amending the Judgment

to include pre and post judgment interest are nondischargeable under Section 523(a)(6) of the

Bankruptcy Code and for such other relief that is equitable and just under the circumstances.

November 30, 2020                          Respectfully submitted


                                          /s/ Neal H. Flaster
                                          _____
                                          By: Neal H. Flaster, Esq.
                                          Flaster Law Group
                                          30 B Vreeland Road
                                          Suite 100
                                          Florham Park, New Jersey 07932
                                          (973) 822-7900
                                          Co-counsel for Creditor, Robert M. Pietrowicz